UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM THURMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-213** |
| **TERRY TERRELL, WARDEN** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court are Petitioner William Thurman's ("Petitioner") objections[1] to the September 18, 2013 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at Allen Correctional Center in Kinder, Louisiana, filed a petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254 on two grounds: insufficient evidence to support his conviction and ineffective assistance of counsel.[3] The Magistrate Judge reviewed the merits of Petitioner's claims and recommended that the matter be dismissed with prejudice.[4] Petitioner objects, reasserting the arguments made in his *habeas* petition.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record and the applicable law, the Court will adopt the Magistrate Judges' recommendation, overrule Petitioner's objection, and dismiss Petitioner's action with prejudice.

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 8.

[3] Rec. Doc. 1 and Rec. Doc. 1-1.

[4] Rec. Doc. 8.

[5] Rec. Doc. 9.

## I. Background

*A. Factual Background*

Petitioner William Thurman and his co-defendant were charged with aggravated burglary under Louisiana law on May 28, 2002.[6] Following a jury trial, Petitioner was found guilty of simple burglary.[7] On November 5, 2003, the trial court sentenced him to twelve years of imprisonment with credit for time served.[8] The trial court later determined that Petitioner was a second felony offender and resentenced him to twenty-four years imprisonment with credit for time served on November 30, 2004.[9] The Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction on March 26, 2010,[10] and the Louisiana Supreme Court denied his related writ application on June 24, 2011.[11]

Petitioner then filed an application for writ of *habeas corpus* with the state district court on March 15, 2012.[12] The state trial court denied the application on March 26, 2012.[13] Petitioner's related writ application was denied by the Louisiana First Circuit Court of Appeal on July 16, 2012,[14] and by the Louisiana Supreme Court on November 16, 2012.[15]

---

[6] State. Rec. Vol. 1 of 2, p. 30.

[7] State. Rec. Vol. 1 of 2, p. 409.

[8] State. Rec. Vol 1 of 2.

[9] *Id.* at 444, 447.

[10] *Id.*

[11] *State ex. rel Thurman v. State*, 2010-1414 (La. 6/23/11); 64 So. 3d 212.

[12] State. Rec. Vol 1 of 2, pp. 444, 447.

[13] *Id.*

[14] *Id.*

[15] *State ex rel. Thurman v. State*, 2012-1774 (La. 11/16/12); 102 So. 3d 36.

Petititoner filed the instant federal application for habeas corpus relief on January 10, 2013.[16] Petitioner argued that: (1) there was insufficient evidence to support his conviction; and (2) he received ineffective assistance of counsel.[17] In response, the State conceded that Petitioner's petition is timely and that he has exhausted his state court remedies.[18] The State argued that the petition should be denied on the merits.[19]

### *B. Report and Recommendation*

On September 18, 2013, the Magistrate Judge recommended that Petitioner's complaint be dismissed with prejudice.[20] In the Report and Recommendation, the Magistrate Judge found that Petitioner timely filed his complaint and exhausted his state court remedies.[21]

The Magistrate Judge first addressed Petitioner's insufficiency of evidence claim, where Petitioner argued the victim's testimony "should be viewed with great suspicion."[22] The Magistrate Judge found that the alleged insufficiencies in the victim's testimony were placed squarely before the jury, and while Petitioner attacks the victim's credibility, credibility determinations are squarely within the province of the jury.[23] For these reasons, the Magistrate Judge found that Petitioner was

---

[16] Rec. Doc. 1.

[17] Rec. Doc. 1-1 at 7.

[18] Rec. Doc. 7.

[19] *Id.*

[20] Rec. Doc. 8.

[21] *Id.* at 6.

[22] Rec. Doc. 1-1 at 8.

[23] Rec. Doc. 8 at 13.

not entitled to *habeas* relief on this claim.[24]

Second, the Magistrate Judge found that Petitioner failed to establish ineffective assistance of counsel because he did not satisfy his burden of proof under the two-part test provided in *Strickland v. Washington*, requiring Petitioner to prove both deficient performance and resulting prejudice.[25] Petitioner claimed that his counsel proved deficient by failing to procure testimony from his co-defendant, whom Petitioner alleges would have testified that the victim voluntarily let both defendants enter her house.[26] The Magistrate Judge found that counsel called Petititoner's co-defendant to testify to corroborate Petitioner's story; however, Petitioner's co-defendant thwarted counsel's questioning by invoking his Fifth Amendment right against self-incrimination.[27] The Magistrate Judge determined that Petitioner's counsel was not deficient because Petitioner's co-defendant refused to testify about what happened on the night in question, a decision counsel had no control over.[28] For these reasons, the Magistrate Judge concluded that Petitioner was not entitled to *habeas* relief on this claim.[29]

## II. Objections

*A. Petitioner's Objection*

The Petitioner timely submitted his objections to the Magistrate Judge's Report and

---

[24] *Id.*

[25] Rec. Doc. 8 at 18 (citing 466 U.S. 668, 697 (1984)).

[26] Rec. Doc 1-1 at 11.

[27] Rec. Doc. 8 at 17.

[28] *Id.* at 18.

[29] *Id.*

Recommendation on October 4, 2013.[30] Petitioner requests that this Court reconsider the Magistrate Judge's recommendation on his insufficiency of evidence and ineffective assistance of counsel claims.

First, Petitioner objects to the Magistrate Judge's finding that there was sufficient evidence to convict him.[31] Petitioner asserts that a conviction obtained on the reliance of false testimony deprives a defendant of the right to a fair trial, and therefore is reversible error.[32] Petitioner argues that reasonable doubt exists as to whether the victim gave truthful testimony.[33] He contends that the evidence relied on at trial to convict him was insufficient.[34] Petitioner argues that the victim's testimony was untrustworthy because the responding police officer, James Hyde, did not corroborate the victim's testimony regarding her eye injury.[35] In addition, the Petitioner notes that during trial the victim offered no testimony that the store owner commented on her appearance following the attack.[36] Petitioner urges this Court to reconsider whether a rational trier of fact could have found adequate evidence to convict him.[37]

Second, Petitioner objects to the Magistrate Judge's finding that his counsel was not

---

[30] Rec. Doc. 9.

[31] Rec Doc. 9 at 2.

[32] *Id.* at 2.

[33] *Id.* at 3.

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

5

deficient.[38] Petitioner concedes that his attorney questioned his co-defendant during trial, but Petitioner argues that his counsel simply "gave up" once his co-defendant invoked his Fifth Amendment right.[39] Petitioner contends that his counsel should have pursued "use immunity" to obtain his co-defendant's testimony.[40]

## B. State's Response

The State of Louisiana did not file a brief in opposition to Petitioner's objection to the Magistrate Judge's report.

## III. Standard of Review

### A. *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[41]  The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."A District Court's review is limited to plain error of parts of the report which are not properly objected to.[42]

### B. *Standard of Review Under the AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant Writs of *Habeas Corpus* in cases where a state court has adjudicated the

---

[38] *Id*. at 5.

[39] *Id*. at 6.

[40] *Id*. at 7.

[41] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[42] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

petitioner's claim on the merits.[43]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court."[44] The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[45] A federal *habeas* court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal *habeas* court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[46]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[47]

### IV. Law and Analysis

*A. Sufficiency of the Evidence*

Petitioner objects to the Magistrate Judge's findings that there was sufficient evidence to support his conviction.[48] Petititoner argues that the victim's testimony was exaggerated and

---

[43] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[44] 28 U.S.C. §2254(d)(1).

[45] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-404, (2000)).

[46] *Id.*

[47] 28 U.S.C. § 2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[48] Rec. Doc. 9, p. 1.

untrustworthy.[49] Therefore, Petitioner asserts that the jury was clearly erroneous in finding the victim's testimony credible.[50] Petititoner argues that the victim's testimony should be viewed with "great suspicion on several accounts."[51] First, Petitioner argues that the initial investigative report did not corroborate the victim's testimony that she suffered an eye injury.[52] Second, Petititoner argues that the victim stated that she urinated on her bed during the attack, but instead of taking a shower or changing clothes, the victim went to the store to purchase cigarettes.[53] Third, Petititoner points out the lack of testimony regarding the store owner's reaction to the victim's injuries after the alleged attack.[54] Fourth, Petitioner argues that there was insufficient evidence to support the victim's testimony that the Petitioner entered her home without authorization.[55]

In *Jackson v. Virginia*, the Supreme Court held that a state prisoner is entitled to habeas corpus relief if a federal judge finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[56] Under, *Johnson* the Court must determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[57] This Court must examine the evidence in the light most

---

[49] *Id.*

[50] *Id.*

[51] Rec. Doc. 1-1, p. 8.

[52] Rec. Doc. 9, p. 3.

[53] *Id.*

[54] *Id.*

[55] *Id.* at 2.

[56] *Jackson v. Virginia*, 443 U.S. 307, 325 (1979).

[57] *Id.* at 319 (emphasis added).

favorable to the prosecution.[58] To determine whether a conviction is supported by the record, the Court must review the substantive elements of the criminal offense as defined by state law.[59] This Court must examine the record as a whole, and only consider evidence that was presented at trial.[60]

In federal habeas corpus proceedings, courts must respect the fact finder's ability to evaluate witness credibility.[61] In *Johnson*, the Court reasoned that it is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[62] This Court cannot substitute its interpretation of a witness's credibility in place of the fact-finder.[63] An insufficiency of evidence claim presents a mixed question of fact and law.[64] This Court must examine whether the state court's denial of relief was contrary to or an unreasonable application of Supreme Court precedent or federal law.[65]

Here, Petitioner was convicted of simple burglary. Simple burglary is defined in La. Rev. Stat. § 14:62. In penitent part, the statute states:

> Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein . . .[66]

---

[58] *Id.*

[59] *Id.* at n. 16.

[60] *Id. at 324; see also Johnson*, 443 U.S. at 319.

[61] *Knox v. Bulter*, 884 F.2d 849, 851–52 (5th Cir. 1989).

[62] *Johnson*, 443 U.S. at 319.

[63] *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

[64] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008).

[65] *Hill*, 210 F.3d at 485.

[66] LA. REV. STAT. § 14:62.

"Specific intent is required for a conviction for simply burglary and it may be inferred from the circumstances and actions of the accused."[67] Specific criminal intent "is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act."[68] Proof of specific intent is required where the statutory definition of a crime includes the intent to produce or accomplish some prescribed consequence.[69]

In the instant case, the insufficient evidence claim raised by Petitioner essentially relates to credibility— whether the jury should have given weight to the victim's testimony. At trial, the victim testified that Petitioner and Ronald Baker entered her home on December 16, 2001, without her authorization.[70] The victim testified that Petitioner pushed her, and she suffered an injury to her eye.[71] The victim also testified that later "my lips got bigger and eye turned completely black."[72] The responding officer testified that the victim had a number of fresh injures: a busted lip, a bruise to her forehead, and knots on her head.[73] The officer did not mention injury to the victim's eye. Accordingly, Petitioner argues that the officer's testimony calls the victim's credibility into question. The victim also testified that she "urinated all over [her bed] because, I guess, maybe the fear."[74] She

---

[67] *State v. Austin*, 11-1132, p. 7 (La. App. 4th Cir. 4/13/13); 112 So. 3d 306, 312.

[68] LA. REV. STAT. 14:10(1).

[69] *State v. Johnson*, 368 So.2d 719 (La.1979).

[70] State. Rec. Vol 1 of 2, p. 254.

[71] *Id.* at 258.

[72] *Id.* at 264.

[73] *Id.* at p. 204.

[74] State. Rec. Vol 1 of 2, p. 258.

then went to the store to buy cigarettes in the same clothes.[75] The victim did not offer testimony that the store owner reacted to her injuries. Petitioner argues that it is unreasonable for the jury to accept this testimony because "had the Victim urinated on herself and bedding as she claimed, why wouldn't she have showered and changed clothes" before going to the store.[76]

The testimony of the victim in this case provides ample basis for a rational finder of fact to conclude beyond a reasonable doubt that Petitioner committed simple burglary with specific intent. The jury is free to find the victim's testimony trustworthy or not. The jury can gauge the sincerity of the witness and any insufficiencies that may develop during testimony. The jury was aware that the victim traveled to the store in her bed clothes after urinating on her bed, rather than taking a shower or changing clothes. The jury was aware that the store owner did not comment on the victim's injures. The jury was also aware that the responding officer did not mention an eye injury in his report. The jury was present for the entire trial. It heard all of the testimony and viewed all of the evidence.

Given all of the evidence presented at trial and her testimony, the jury found the victim to be a credible witness. It was not unreasonable for the jury to give substantial weight to the victim's testimony. It is the jury's exclusive role to evaluate and weight witness testimony. A rational trier of fact could have found the essential elements of simple burglary (with specific intent) exist beyond a reasonable doubt under Louisiana law. Therefore, the state court's denial of relief was not contrary to or an unreasonable application of Supreme Court precedent. Accordingly, on *de novo* review, the Court finds Petitioner's sufficiency of the evidence claim without merit.

---

[75] *Id.* at p. 262.

[76] Rec. Doc. 1-1, p. 8.

*B. Ineffective Assistance of Counsel*

Petitioner objects to the Magistrate Judge's finding that defense counsel did not deprive him of his Sixth Amendment right to a fair trial. Petitioner contends that trial counsel failed to obtain testimony from his co-defendant, Ronald Baker. Petitioner argues that Baker would have contradicted the victim's testimony that they forcibly entered her home.[77] Although trial counsel called Mr. Baker to testify, Mr. Baker invoked his Fifth Amendment privilege.[78] Petitioner argues that trial counsel should have sought "use immunity" to obtain Mr. Baker's testimonial.[79] By failing to do so, Petitioners argues that trial counsel was ineffective by depriving the Petitioner of a favorable fact witness.

The Sixth Amendment guarantee of effective assistance of counsel entitles a criminal defendant to a reasonably effective assistance of counsel given the totality of the circumstances.[80] The issue of ineffective assistance of counsel is a mixed question of law and fact. To succeed on such a claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[81] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[82]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption

---

[77] Rec. Doc. 1-1, p. 11.

[78] Rec. Doc. 9, p. 5.

[79] *Id.*

[80] *James v Cain*, 56 F.3d 662, 667 (5th Cir. 1995).

[81] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[82] *Id.* at 697.

12

that the counsel's conduct falls within a wide range of reasonable representation.[83] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[84] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[85]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[86] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[87] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[88] Under Supreme Court precedent, "an attorney's strategic choices, usually based on information supplied by the defendant and gathered from a thorough investigation of the relevant law and facts, 'are virtually unchallengeable.'" Although an attorney must engage in a reasonable amount of investigation, "the reasonableness of an attorney's investigation may critically depend on the information forwarded by the defendant and the defendant's own strategic decisions about his representations." "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." The Petitioners bears the burden to show that counsel's tactical decision deprived him of this Sixth

---

[83] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[84] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[85] *See Strickland*, 466 U.S. at 689.

[86] *Id.* at 694.

[87] *Id.*

[88] *Crockett*, 796 F.2d at 793.

Amendment right to reasonably effective assistance of counsel.

In the instant case, Petitioner argues that his counsel "simply gave up" when a witness invoked his Fifth Amendment privilege against self-incrimination.[89] Petitioner claims that Mr. Baker would have testified that the victim invited Petitioner into her home, thus there was no unauthorized entry, and that he attacked the victim.[90] Initially, Petitioner argued that his counsel never sought to use Mr. Baker as a witness, thus ignoring the fact that Mr. Baker was called as a witness before invoking his Fifth Amendment right.[91] Later, Petititoner admits that his counsel did call Mr. Baker as a witness, but claims that counsel should have used "use immunity" to obtain testimony from Mr. Baker.[92]

Petitioner's trial counsel called Mr. Baker as a witness.[93] However, trial counsel was unable to question Mr. Baker because he invoked his Fifth Amendment privilege.[94] The following took place at trial:

> Q. Do you wish to invoke your right under the Fifth Amendment to the U.S. Constitution not to testify in this case?
> A. Yes, sir
> [By the Court].
> Alright, do you intend to do that throughout the entirety of your testimony?

---

[89] Rec. Doc. 9, p. 5

[90] Rec. Doc. 9, p. 5 (arguing that "Mr. Baker-when called to testify on Petititoner behalf-invoked his Fifth Amendment privilege; depriving Petititoner of what ultimately has proven to be a favorable fact witness. Mr. Baker- the through post-trial interview- revealed that he himself was the one who attacked the Victim with Petitioner effectively "rescuing" the Victim from Baker's onslaught").

[91] Rec. Doc. 1-1, p. 14 (Petitioner writes that "it is uncertain why Trial Counsel never sought to use Baker as a defense witness").

[92] Rec. Doc. 9, p. 5 (acknowledging that "[t]rial counsel attempted to elicit testimony from Mr. Baker, yet Mr. Baker opted to remain silent).

[93] State. Rec. Vol. 1 of 2, p. 375-76.

[94] *Id.*

>            [By Mr. Baker]
>                    Yes, sir.
>            [By the Court]
>                    Alright, based on that –
>            [By Mr. Wells]
>                    I can't question him, and I will accept that, Your Honor.[95]

Mr. Baker refused to answer any questions "throughout the entirety" of questioning.[96] Trial counsel acquiesced to the state court's acceptance of Mr. Baker's invocation and ended questioning.[97]

In his objection to the Magistrate's Report and Recommendation, Petitioner argues, for the first time, that his counsel should have used "use immunity" to pry testimony from Mr. Baker.[98] This argument lacks merit. Only the Government can grant a witness use immunity.[99] Use immunity was "intended to immunize and exclude from a subsequent criminal trial only that information to which the Government expressly has surrendered future use."[100] Trial counsel did not have the authority to secure use immunity. Accordingly, the Court finds that Petitioner has not shown that his trial counsel's performance was deficient.

Further, Petitioner has not shown that he was prejudiced by his defense counsel's performance. The Fifth Circuit "has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely

---

[95] *Id.*

[96] *Id.*

[97] *Id.*

[98] *Id.*

[99] *Pillsbury Co. v. Conboy*, 459 U.S. 248 (1983).

[100] *Id.* at 260.

speculative."[101] District courts have found that where the only evidence of a missing witness's testimony is from the defendant and no affidavit or other evidence as to the testimony the witness would have offered is provided, claims of ineffective counsel fail for lack of prejudice.[102] Petitioner has presented no evidence, absent his own conclusory statements, showing that Mr. Baker would have testified in a manner beneficial to his defense. Petitioner has not demonstrated that the state court's decision denying his claim was contrary to, or involved an unreasonable application of clearly established federal law, as required by the Supreme Court. Accordingly, upon *de novo* review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

## V. Conclusion

For the reasonable stated above,

**IT IS HEREBY ORDERED**, that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation, and Petitioner William Thurman's petition for insurance of a Write of *Habeas Corpus*, pursuant to 28 U.S.C. § 2256, is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 20th day of October, 2014

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[101] *Coleman v. Thaler*, 716 F.3d 895, 906 (5th Cir. 2013).

[102] *Combs v. United States*, No. 3:08-CV-0032 and 3:03-CR-0188, 2009 WL 2151844, at *10 (N.D. Tex. July 10, 2009); *Harris v. Director*, No. 6:06-CV-490, 2009 WL 1421171, at *7 (E.D. Tex. May 20, 2009), (citing *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Circuit 2001)).